JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
DAVID G. ROBINS, IDAHO STATE BAR NO. 8494
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>JOSIAH PAUL YEASLEY,<br><br>Defendant. | Case No. 1:23-cr-00273-DCN<br><br>**MEMORANDUM IN SUPPORT OF DETENTION** |

Pursuant to Federal Rules of Criminal Procedure 32.1(a)(6) and 46(d), and 18 U.S.C. § 3143(a), the United States moves this Court for an order detaining the Defendant pending his revocation hearing.

### APPLICABLE LAW and ANTICIPATED PROCEDURE

In the context of supervised release violations, 18 U.S.C. § 3143(a) provides that the judicial officer shall order a Defendant detained, "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community" if released.  18 U.S.C. § 3143(a).  "The burden of establishing

MEMORANDUM IN SUPPORT OF DETENTION - 1

by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Fed. R. Crim. P. 32.1(a)(6). In addition to the supervised release case, the Government has filed motion for detention in his new criminal case (1:23-CR-273-DCN). The Government recommends that this Court first determine if the Defendant can meet his burden of release in his supervised release case. If the Court orders the Defendant released in that matter, the Government anticipates that ruling will likely resolve the detention issue in the new criminal case.

## PROFFER OF FACTS

The Government proffers the following facts:

- The Defendant was previously convicted of Access with Intent to View Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) in case number 1:16-CR-179.

- In that case, law enforcement received a tip that the Defendant was actively seeking child pornography. The investigation proved that he possessed numerous files of child pornography on his digital devices. He had used terms such as "Boy CP" in his acquisition of child pornography. Among the various types of child pornography the Defendant possessed, he had images of prepubescent boys performing sex acts upon each other. Law enforcement discovered 41 known child victims from among his collection.

- The Defendant was interviewed during the investigation of the above-mentioned 2016 case. During his interview, he admitted to viewing child pornography from 2010 onward using the internet. The Defendant admitted he used email to request and receive child pornography.

- The Defendant was sentenced to 30 months of imprisonment on February 9, 2017 by the Honorable Chief United States District Judge Winmill. The Defendant completed his sentence and is currently serving a 10-year period of supervised release.

- On May 16, 2023, law enforcement received information that the Defendant accessed illicit images depicting child sex abuse on his cell phone. Probation had installed monitoring software on that phone which revealed the illicit images. Law enforcement received an image of a baby in a feeding highchair performing fellatio on an adult man. The Defendant possessed this image on his phone in May of 2023.

- Law enforcement secured a search warrant to seize and search the Defendant's phone on August 30, 2023. Law enforcement executed the search warrant and interviewed the Defendant on September 11, 2023. Prior to being interviewed, law enforcement provided

MEMORANDUM IN SUPPORT OF DETENTION - 2

the Defendant his *Miranda* warnings. They further told the Defendant that if he elected not to speak with law enforcement, probation would not take any action against him for this choice. The Defendant agreed to speak with law enforcement.

- During his interview, the Defendant was asked to tell law enforcement about the child pornography he has viewed on his phone. The Defendant stated he had stayed away from looking at images for six years until he recently received his cell phone. The Defendant stated he had a moment of weakness and wanted to see what was on the internet. The Defendant stated he only made it 10 days between receiving the cell phone and using it to access child sex abuse imagery. The Defendant admitted to looking at images during the month of May 2023. The Defendant stated he had become so deviant that he only prefers child pornography. He described child pornography as his "candy". The Defendant elaborated, in relation to his prior charge, that he had such an addiction to child pornography that he would look at it constantly even while he was at work. He stated child pornography was his "sugar", "candy", and "sin", and that he still has those feelings towards child sex abuse materials.

- The Defendant claimed he accessed obscene materials depicting child sex abuse by using an artificial intelligence application. The Defendant stated that a person could dictate to the machine what imagery to create, and it would do so. The Defendant stated he would go to different websites featuring teens and kids. The Defendant described his age preference by description, stating he prefers images of children with little or no breast development. The Defendant claimed he told his wife he looked at the images prior to being caught. She did not notify his supervising officer or law enforcement. The Defendant stated that it is dangerous for him to have a phone because he knew it was monitored and still looked up child images.

- Law enforcement forensically analyzed the Defendant's cell phone. While they did not recover the original image reported to law enforcement (of the baby performing fellatio), they did recover corroborating evidence. Law enforcement found data indicating access to the website that created the child sex abuse imagery.

- The Defendant, prior to accessing obscene materials depicting child sex abuse in the new case, had completed sex offender treatment. The cell phone was a privilege afforded to him because he successfully completed treatment. He still reoffended within 10 days of being permitted to have a phone by his supervising officer.

The Government may supplement additional facts at the hearing.

## ANALYSIS

The Defendant will not be able to prove that he is not a risk to the community by clear

and convincing evidence. The facts show that the Defendant is incorrigible when it comes to

MEMORANDUM IN SUPPORT OF DETENTION - 3

child sex abuse materials. The existence of two cases alone supports this conclusion. But there is much more in this case that compels his detention.

To begin, the Defendant created child pornography using advanced applications in the form of artificial intelligence (AI). The will, determination, and inventiveness to do so suggests a preoccupation with illicit materials that betray his danger. In fact, the Defendant had to prompt the machine to make an image of a baby in a highchair performing oral sex on a man. This was not an image he haphazardly collected. Rather, it was a willful creation of his mind. The Government submits that this is a stunning revelation of paraphilia that urges a conclusion of dangerousness.

Additionally, the quantity, breadth, and quality of illicit images he possessed among his cases reveal danger. In terms of quantity, the Defendant had numerous images in his original case (including 41 identifiable victims). In terms of breadth, the Defendant has possessed sex abuse imagery featuring prepubescent boys and a baby. In terms of quality, the Defendant's illicit imagery featured actual sex acts being performed by prepubescent boys and a baby. His tastes in child sex abuse materials suggest danger.

Moreover, the timing of the Defendant's offenses is concerning. In his first case, he offended from 2010 until he was caught. In the instant case, the Defendant made it only 10 days with internet access before he created child obscenity. The Defendant has a persistent and impulsive desire to possess illicit imagery.

Circumstances of his instant offense also compel a finding of dangerousness justifying detention. The Defendant's desire to offend overrode his concern that he could be caught on a monitored cell phone. The Defendant created child sex abuse obscenity after successfully completing sex offender treatment. At this moment, it appears nothing can reasonably deter him

MEMORANDUM IN SUPPORT OF DETENTION - 4

short of detention. Supervision, psychological rehabilitation, and risk of reimprisonment could not prevent recidivism. Also, his description of child sex abuse imagery flatly show danger; he described the imagery as "candy" and "sugar". The Defendant's sentiment towards this crime is so malignant that he can look upon horrific acts of abuse inflicting untold horrors on children and declare it "candy" and "sugar". Community protection demands his detention until these cases are resolved.

Lastly, the Defendant has access to children. He also stated that he told his wife of his crime, but she did not report it to law enforcement or his supervising officer. His easy access to children is a significant community risk, and the facts indicate that this Court cannot rely upon his family to report or deter his behaviors.

In sum, the Government believes that the Defendant does not pose a risk of flight. However, he poses an extreme risk to the community given the objective facts of these cases. The Defendant cannot meet his burden to prove by clear and convincing evidence that he is not a risk to reoffend and should be detained.

Respectfully submitted this 9th day of November, 2023.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:


*/s/ David G. Robins*
DAVID G. ROBINS
Assistant United States Attorney

MEMORANDUM IN SUPPORT OF DETENTION - 5